P. B. PORTWOOD ET AL. *v.* FELD & SILVERBERG ET AL.

SUPREME COURT.   *Record of appeal.   Transcript.   Enjoining clerk.*

The supreme court alone, in the exercise of its appellate jurisdiction, can authoritatively determine what papers constitute the record on appeal, and the clerk of the lower court cannot be enjoined from incorporating in the transcript certain papers, on the ground that they are not properly parts of the record.

FROM the chancery court of Leflore county.

HON. A. H. LONGINO, Chancellor.

In a certain suit in the chancery court of Leflore county, in which Feld & Silverberg, complainants, had procured an injunction to be issued against P. B. Portwood and others, en-

joining the issuance of an execution on a judgment, a decree was rendered dissolving the injunction. On the hearing, counsel for complainants gave notice of a certain amendment to the bill which they wished to make before entry of the decree. The amendment was not at once put in writing, but the substance of it was stated to the court, and leave to make the amendment was denied. Counsel for complainants stated that it would require the exhibiting of certain records which were too lengthy to be copied at that time, and asked that they might be considered as offered, and this was agreed to. The court had decided against complainants on the ground that their cause of action was barred, and merely asked complainants' counsel if the proposed amendment affected this question, and was answered in the negative. The decree dismissing the bill was entered, and an appeal taken. When the transcript for appeal was being prepared, counsel for complainants insisted on having incorporated therein the matters offered by way of amendment to the bill, and which they had, in the meantime, reduced to writing. There was, however, a disagreement between counsel as to whether the amendment, as written and presented, corresponded with that the substance of which had been stated orally to the court and acted upon. In this condition of things, defendants filed an original bill setting up the facts above stated, and asked that the chancery clerk be enjoined from incorporating in the transcript the paper and the exhibits constituting the proposed amendment. The answer of defendants, complainants in the original suit, averred that the agreement, as written, was substantially the same as that acted upon by the court, and denied all charges of bad faith in the matter of the preparation of the record. Evidence was taken, and the cause heard by the chancellor in vacation on a motion to dissolve the injunction. The motion was sustained, and a decree rendered against complainants dissolving the injunction and awarding $50 attorney's fees, as damages on the injunction bond. From this decree complainants appeal.

*Coleman & Somerville,* for appellants.

It will not do to say this court acquired exclusive jurisdiction by the execution of the appeal bond. Inferior courts retain jurisdiction for many purposes, as has been said in many cases unnecessary to cite, and, to preserve the *status quo,* they must, of necessity, decide what is and what is not rightfully in the record. There is no method provided by which the supreme court may determine such issues of fact. To illustrate, suppose an order or decree which was really never passed upon by the court—a forgery by the clerk—had gotten upon the minutes, would not the court below have the power to restrain the clerk from making it a part of the record for this court?

*Rush & Gardner,* for appellees.

When the appeal was perfected, the supreme court was at once vested with exclusive jurisdiction over the cause. An inferior court cannot be permitted to render a final decree fixing the rights of parties, and then, after appeal, interfere and cut out a part of the record. This would virtually defeat the right of appeal. We do not consider a case could ever arise to justify the lower court to interfere by injunction to curtail or add to a record on appeal. This injunction, if granted and obeyed, would defeat the right of certiorari from the supreme court. The court below would be confronted with the injunction on one side and the certiorari on the other. To obey one would be to ignore the other. Litigated matters cannot be in two separate and distinct forums at one and the same time. One or the other must be vested with entire jurisdiction, and when the appeal is perfected the supreme court controls the whole matter. 1 Am. & Eng. Enc. L., 623; 74 N. C., 415; 94 *Ib.,* 174; 15 Iowa, 444; 16 Texas, 433; 105 U. S., 265; Black on Judgments, Sec. 243.

Argued orally by *Percy R. Somerville,* for appellants, and *W. T. Rush,* for appellees.

COOPER, C. J., delivered the opinion of the court.

The injunction in this cause was improvidently granted, and was properly dissolved.  The bill seeks to have the chancery court to determine what papers constitute the record of a cause pending in this court on appeal, and to enjoin the clerk of the lower court, who is *pro hac vice* an officer of this court, from incorporating into the transcript certain documents which the complainant avers were not before the lower court on the trial of the appealed cause, and therefore should not be copied into the record.  What is or is not the record is a matter to be judicially determined by this court in the exercise of its appellate jurisdiction, and the court below properly held it had no authority to decide the question sought to be there litigated.

*The decree is affirmed.*